IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVERBEND RANCH GOLF COURSE, et al., | No. CV-F-97-5550 REC |
| | ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF |
| Plaintiff, | |
| vs. | |
| COUNTY OF MADERA, et al., | |
| Defendant. | |

On April 4, 2005, the court heard plaintiff Riverbend Ranches motion to set aside the judgment entered in this action on January 20, 2005 pursuant to Rule 60(b), Federal Rules of Civil Procedure.

Upon due consideration of the record and the arguments of the parties, the court denies this motion for the reasons set forth herein.

On March 7, 2005, plaintiff Riverbend Ranches (hereinafter referred to as Riverbend) filed a motion to set aside the

1

judgment entered in this action on January 20, 2005 pursuant to Rule 60(b), Federal Rules of Civil Procedure, and to set the matter for trial on the Tenth Claim for Relief.  Riverbend asserts that this motion should be granted because there is newly discovered evidence and/or evidence which was not provided to the court through mistake, inadvertence or excusable neglect.

In its "Order Granting Defendant's Motion for Summary Judgment on State Law Claims in Second Amended Complaint and Directing Entry of Judgment for Defendants" filed on January 20, 2005 (hereinafter referred to as the January 20 Order), the court ruled in pertinent part with respect to the Tenth Claim for Relief that Riverbend had not substantially complied with the claim requirement of the California Government Tort Claims Act and, therefore, was not entitled to damages with respect to that claim.

Riverbend moves to vacate this judgment with respect to the Tenth Claim for Relief on the ground of newly discovered evidence and/or evidence which was not presented to the court through mistake, inadvertence or excusable neglect.

In moving to vacate the judgment pursuant to Rule 60(b), Riverbend submits the Declaration of Thomas T. Watson, who avers in pertinent part:

> 2.  The firm of Watson & Doyle associated in this case on February 15, 2005. Upon being retained, I immediately attempted to review all of the documents and pleadings related to this matter which consisted of an excess of forty boxes.  Contained in these boxes was correspondence dated July 19, 1996, August 5,

2

> 1996 and January 3, 1997 ... In reviewing the January 15, 2005 Order it was apparent to me that these documents were neither submitted nor considered by the Court in its determination that the <u>Gay-Straight Alliance</u> case was not applicable. Apparently, this correspondence which was newly discovered by me, was inadvertently not a part of the the court's record and was not before the court.

Attached to Mr. Watson's declaration are the three letters referred to therein. The first is a letter from James A. McKelvey, then counsel for Riverbend Ranch, to Jeffrey L. Kuhn of the County of Madera dated July 29, 1996. The second letter is from Mr. McKelvey to Mr. Kuhn dated August 5, 1996. The third letter is from Mr. McKelvey to Mr. Kuhn dated January 3, 1997.

Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) ....

Resolution of a motion to vacate judgment under Rule 60(b)(1) or (2) is within the court's discretion.

In order to be entitled to vacation of judgment on the ground of newly discovered evidence, the movant must show that the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case. <u>Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.</u>, 833 F.2d 208, 211 (9th Cir. 1987).

1    Riverbend has not made the requisite showing.  It is clear
2 from Mr. Watson's declaration that the evidence upon which
3 Riverbend relies has been in the possession of counsel for
4 Riverbend since this litigation commenced.  "Evidence is not
5 'newly discovered' under the Federal Rules if it was in the
6 moving party's possession at the time of trial or could have been
7 discovered with reasonable diligence."  Id.  The fact that Mr.
8 Oeser was representing Riverbend at the time of the summary
9 judgment motion does not change this fact.  In addition, it is
10 clear that Mr. Oeser did not act with reasonable diligence in
11 reviewing the evidence in this action.  The motion for summary
12 judgment was filed on July 23, 2004 and Riverbend's opposition
13 was not filed until November 1, 2004.  Therefore, Riverbend had
14 more than ample time to review the documents in this action and
15 present them to the court in opposition to the County's summary
16 judgment motion.  Therefore, the court concludes that Riverbend
17 is not entitled to vacation of the judgment pursuant to Rule
18 60(b)(2).

19    Riverbend also bases this motion on the grounds of
20 inadvertence or excusable neglect.  Riverbend's new attorneys
21 argue:

>       As new counsel, Riverbend's current attorneys
>       are not privy to all of the information
>       relating to discovery and motions that have
>       occurred in this case which has lasted over
>       six years and has involved multiple counsel.
>       The complexity, length of time and confusion
>       of multiple counsel, one of which appears to
>       have failed to meet his basic obligations to
>       the Court in responding to motions and

4

1
2
>discovery, provides ample grounds to establish inadvertency, mistake or excusable neglect.

3 In <u>Pioneer Investment v. Brunswick</u>, 507 U.S. 380 (1993), the
4 Supreme Court addressed the meaning of "excusable neglect" for
5 purposes of the Bankruptcy Rules in a situation where the
6 creditors' attorney failed to file documents within the time
7 required by the rules. The Supreme Court stated in pertinent
8 part:

9
10
11
12
13
14
15
>Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

16 507 U.S. at 395. The Ninth Circuit holds that the equitable test
17 set out in <u>Pioneer</u> applies to Rule 60(b). <u>Briones v. Riviera</u>
18 <u>Hotel & Casino</u>, 116 F.3d 379 (9th Cir. 1997).

19 Here, it is arguable that Riverbend's troubles with its
20 various attorneys, especially Mr. Stevenson, resulted in Mr.
21 Oeser's inability to fully familiarize himself with the evidence
22 in this case. Nonetheless, as noted above, Mr. Oeser had several
23 months to prepare for the opposition to the motion for summary
24 judgment. Furthermore, as the County notes, the letters upon
25 which Riverbend relies in this motion were authored by Mr.
26 McKelvey. Although Mr. McKelvey was disqualified as Riverbend's

5

counsel in February, 1998, he has participated as witness for Riverbend in this action, as evidenced by declarations filed by Mr. McKelvey and filed with this court on August 14, 2000 and November 1, 2004.  Therefore, the contention of Riverbend's most recent attorneys that they were precluded by court order from consulting with Mr. McKelvey for assistance in reviewing the record in this action is not sustainable.  There is no question that there is prejudice to the County.  This case has been before this court since 1997.  The County's motion was on file for several months before it was heard because of Mr. Oeser's requests for continuance.  Since judgment was entered, the County has filed a motion for attorneys' fees and a bill of costs, all time wasted because of Riverbend's belated review of the evidence in this case.  After judgment was entered, Riverbend retained yet another set of attorneys (although Mr. Oeser also remains as counsel) with the apparent view of reviewing the evidence to see if there was any possible basis for vacating the judgment.  The retention of the new attorneys apparently delayed the review until after the time for a motion under Rule 59 had elapsed.  The potential impact on judicial proceedings is that resolution of this action, already on file for eight years, will be further delayed, delay caused almost entirely by the actions of Riverbend or its attorneys.  Riverbend and its attorneys had the evidence upon which they seek to vacate the judgment in its possession and, in fact, Riverbend generated the evidence.  While the court has no reason to doubt that Mr. Oeser acted in good faith, the

6

court note that he was given continuances to respond to the motion for summary judgment and had ample time to review the record in this action. It is noted that Riverbend did not oppose or respond to a number of grounds asserted by the County for summary judgment, electing to focus the opposition on only two claims for relief. Riverbend's argument that the County is not prejudiced because the County had possession of these documents as well is not persuasive under the circumstances of this case. As noted, this case has been in this court since 1997. The County finally heard its motion for summary judgment on the remaining state law causes of action after months of delay and received final judgment in this action. As noted, the County has since filed a post-judgment motion for attorneys fees and a bill of costs, thereby expending more monies that would not have been necessary. Therefore, the court concludes that Riverbend has not demonstrated mistake, inadvertence, surprise of excusable neglect within the meaning of Rule 60(b)(1).

Accordingly, plaintiff's motion for relief pursuant to Rule 60(b), Federal Rules of Civil Procedure, is denied.

IT IS SO ORDERED.

**Dated: April 28, 2005**              /s/ **Robert E. Coyle**
668554                                 UNITED STATES DISTRICT JUDGE