IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVERBEND RANCH GOLF COURSE, et al., | No. CV-F-97-5550 REC/DLB |
| | ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND EXPENSES |
| Plaintiff, | |
| vs. | |
| COUNTY OF MADERA, et al., | |
| Defendant. | |

On June 27, 2005, the court heard defendants' Motion for Attorneys' Fees and Expenses.

Upon due consideration of the record and the arguments of the parties, the court issues its ruling as set forth herein.

Defendants County of Madera and Leonard Garoupa move the court for an award of attorneys' fees and expenses in the amount of $321,000 pursuant to 42 U.S.C. § 1988 and Rule 11, Federal Rules of Civil Procedure.

Defendants prevailing in civil rights actions may be awarded

1

attorney's fees only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. <u>Christianburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421 (1978). The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees. <u>Hughes v. Rowe</u>, 449 U.S. 5, 14-15 15 (1980). An action is frivolous if it lacks an arguable basis in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

Rule 11(b), Federal Rules of Civil Procedure, provides in pertinent part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances, -
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery ....

The Ninth Circuit has explained the standards governing

resolution of a motion for sanctions pursuant to Rule 11(b)(2) as follows:

> It is obvious from the text of the Rule that the pleader need not be correct in his view of the law.  Thus the granting of a motion to dismiss the complaint for failure to state a claim, or the granting of a summary judgment against the pleader is not dispositive of the issue of sanctions.  The pleader, at a minimum, must have a 'good faith argument' for his or her view of what the law is, or should be.  A good faith belief in the merit of a legal argument is an objective condition which a competent attorney attains only after 'reasonable inquiry.'  Such inquiry is that amount of examination into the facts and legal research which is reasonable under the circumstances of the case.  Of course, the conclusion drawn from the research undertaken must itself be defensible.  Extended research alone will not save a claim that is without legal or factual merit from the penalty of sanctions.
>
> ... [W]e affirm that Rule 11 sanctions shall be assessed if the paper filed in district court and signed by an attorney ... is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith.

Zaldivar v. City of Los Angeles, 780 F.2d 823, 830-831 (9th Cir. 1996).  "The word 'frivolous' does not appear anywhere in the text of the Rule; rather, it is a shorthand that this court has used to denote a filing that is both baseless and made without a reasonable and competent inquiry."  Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990).  Rule 11 sanctions may be imposed even if a pleading is frivolous only in part. Burnette v. Godshall, 828 F.Supp. 1439, 1447 (N.D.Cal. 1993), aff'd, 72 F.3d 766 (9th Cir. 1995).

1    The court concludes that defendant has not established that
2 it is entitled to attorneys' fees under either Section 1988 or
3 Rule 11.
4    Defendant asserts that plaintiff has employed dilatory
5 tactics by not being responsive to discovery, not providing the
6 records evidencing the fact that Riverbend Ranch had conveyed
7 title to the property prior to commencement of the action,
8 repeatedly sought continuances, and cited totally irrelevant
9 cases.
10   However, plaintiff has been sanctioned for certain of the
11 delays in this action.  Furthermore, delays in providing
12 discovery and seeking continuances is not a basis for concluding
13 that the standards under Section 1988 or Rule 11 have been
14 violated.
15   Furthermore, resolution of the causes of action for denial
16 of substantive and procedural due process and equal protection
17 was based on hotly disputed legal and factual issues with respect
18 to which the court issued lengthy rulings.  While the court did
19 not accept plaintiff's legal or factual positions, the court
20 cannot agree with defendant that the cases cited by plaintiff in
21 support of their various positions were "totally irrelevant".
22 The court cannot conclude that those causes of action were
23 frivolous or baseless even though plaintiff did not prevail.
24 Plaintiff did prevail in part on the Tenth Claim for Relief for
25 declaratory judgment.  With regard to the issues concerning
26 Riverbend's inaccurate pleading that it owned the golf course,

4

while this incorrect pleading resulted in additional discovery and motions concerning the standing of Riverbend Ranch to bring this lawsuit, the court eventually ruled that Riverbend Ranch had standing because of contractual terms.  Even if Riverbend's Complaint had been correctly pleaded, there still would have been discovery and issues concerning standing.  Therefore, although there may be argued that a violation of Rule 11 occurred with regard to the allegation in the Complaint concerning ownership, it cannot be said that additional attorneys' fees were incurred because of this inaccuracy.  It is clear that nine causes of action were abandoned by plaintiff at summary judgment.  The causes of action for violation of substantive and procedural due process and equal protection under California law necessarily had to be conceded after the court ruled in defendant's favor with respect to those alleged violations under federal law.  Six causes of action were abandoned by plaintiff without any attempt to support them on summary judgment.  Two of those causes of action, the Thirteenth and the Fourteenth, were allowed to be included in an amended complaint after plaintiff made representations to the court in support of leave to amend to include them.  When questioned at oral argument about these six causes of action, current counsel for plaintiff essentially stated that he did not know why these causes of action were included or why they were abandoned at summary judgment.  Nonetheless, the court concludes that defendants are have not shown that attorneys' fees should be awarded for the fees

5

incurred in defending these causes of action, given the court's conclusion that fees should not be awarded in the case in general.  The court is frequently faced with causes of action alleged because it is anticipated that discovery will support the allegations.  The court is frequently faced with statements of non-opposition to specific claims at summary judgment.  Given the circumstances of this action, including the number of different attorneys who represented plaintiffs, the court cannot conclude that the inclusion of these causes of action justifies an award of attorneys fees under Rule 11 or Section 1988.

ACCORDINGLY:

1.  Defendants' Motion for Attorneys' Fees and Expenses is denied.

IT IS SO ORDERED.

**Dated:  December 29, 2005**                    **/s/ Robert E. Coyle**
668554                                            UNITED STATES DISTRICT JUDGE